**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RICHARD LAPE, *et al.*,

                               Plaintiffs,

                 v.

MAUI CALLA WATERS, *et al*,

                              Defendants.

5:25-CV-180
(MAD/DJS)

**APPEARANCES:**

RICHARD O. LAPE
Plaintiff Pro Se
Ithaca, New York 14850

JOHN DOE
Plaintiff Pro Se
Ithaca, New York 14852

JANE DOE
Plaintiff Pro Se
Auburn, New York 13021

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

       Plaintiffs originally filed this pro se Complaint on February 10, 2025.  Dkt. No. 1.

Two Amended Complaints have subsequently been filed.  Dkt. Nos. 11 & 13.  Numerous

- 1 -

non-dispositive motions have been filed by one or more of the Plaintiffs and are addressed here.

### A. Applications to Proceed without Payment of Fees

At the time the Complaint was originally filed, the filing fee had not been paid, but Plaintiffs John and Jane Doe filed motions to proceed *in forma pauperis*. Dkt. Nos. 2 & 3. A Motion to expedite consideration of the *in forma pauperis* applications was subsequently made. Dkt. No. 14. On February 25, 2025, the filing fee was paid in this matter. The motions related to proceeding *in forma pauperis* are, therefore, denied as moot. *Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 271 (W.D.N.Y. 2024)

### B. Application to Electronically File Documents

Plaintiff Jane Doe seeks to file documents electronically in the Court's ECF system. Dkt. No. 7. FED. R. CIV. P. 5(d)(3)(B)(i) permits a party proceeding pro se to "file electronically only if allowed by court order or local rule." This Court's Local Rules permit ECF filing under some circumstances. L.R. 5.1.1. & General Order 22. Permitting electronic filing by a pro se party is a matter of discretion for the Court. *Noel v. Clouston*, 2024 WL 1326299, at *1 (W.D.N.Y. Mar. 28, 2024). At this time, the Court declines to exercise its discretion to permit Jane Doe to file electronically. Local Rule 5.2 sets specific limitations on the inclusion of personal identifying information in Court filings and prohibits, absent redaction, the inclusion of certain information in filings. To date the filings made by Plaintiffs in this case have routinely ignored this rule by including

- 2 -

dates of birth, home addresses, references to medical history and treatment, and other

personally identifying material. *See* Dkt Nos. 1, 6, 11, 13, & 14. Given the history of

such abuses so early in this litigation, the Court determines that ECF access is not

appropriate at this time. *Marseet v. Rochester Inst. of Tech.*, 2023 WL 1097969, at *4

(W.D.N.Y. Jan. 30, 2023).

## C. Request for Subpoenas

Plaintiffs have also filed a motion seeking to obtain subpoenas directed to certain

Defendants. Dkt. No. 8. The request seeks to compel production of documents and

testimony. *Id.* This Motion is denied as premature. "[A] a subpoena is a discovery tool."

*Tessmer v. Prime Recovery LLC*, 2023 WL 2480586, at *2 n.1 (W.D.N.Y. Mar. 13, 2023).

"A party may not seek discovery from any source before the parties have conferred as

required by Rule 26(f)" absent a stipulation or court order. FED. R. CIV. P. 26(d)(1). "In

this case, there is no indication that the parties have yet met pursuant to Rule 26(f), nor

has any discovery plan been filed with the court. Plaintiff's request for subpoenas and for

discovery will therefore be denied as premature." *Sanders v. New Venture Gear*, 2007

WL 9772734, at *1 (N.D.N.Y. May 14, 2007).

## D. Request to Proceed Anonymously

Plaintiffs John and Jane Doe have also moved to proceed anonymously. Dkt. No.

6. Plaintiffs maintain that they should be permitted to proceed anonymously because of

the sensitive nature of the allegations in the Second Amended Complaint and their fear of retaliation on the part of those associated with Defendants. *Id.* at p. 11.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a). "A party seeking to proceed under pseudonym bears a heavy burden, and will only be allowed to do so if private interests outweigh the countervailing public interest in full disclosure." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). The Second Circuit has provided a non-exhaustive list of factors to consider in balancing a plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to defendants. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-190 (2d Cir. 2008). Those factors are as follow:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in

- 4 -

knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal quotation marks and citations omitted).  Application of these factors to the particular facts of a case "is left to the sound discretion of the district court."  *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190).  "However, the bar to proceed in Court anonymously is high."  *Doe v. Delta Air Lines, Inc.*, 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023).

### 1. Factor 1: Matters of Highly Sensitive and Personal Nature

The first factor concerns "whether the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. A review of the Second Amended Complaint certainly demonstrates that there are many allegations of a personal nature asserted in this case, including discussion of medical issues.  "Although many people understandably want to keep their medical conditions and treatment confidential, '[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name.'"  *Doe v. M&T Bank Corp.*, 2022 WL 1114950, at *2 (W.D.N.Y. Apr. 14, 2022) (quoting *Rankin v. N.Y. Pub. Libr.*, 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999)).  The gravamen of the Complaint concerns alleged violations of federal statutory law.  Such claims, though often involving sensitive topics, are not in and of themselves the sort which warrant permitting a person

- 5 -

to proceed under a pseudonym.  "The facts alleged in the complaint are not especially intimate compared to other ADA, Title VII, and Title IX cases in which plaintiffs have proceeded under their own names."  *Rives v. SUNY Downstate Coll. of Med.*, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020).  Much of the Second Amended Complaint alleges that Defendants have engaged in criminal conduct that has gone unprosecuted.  Those are not claims of a uniquely personal interest, and would be, if true, matters of significant public interest.

This factor, therefore, does not weigh in favor of granting the Motion.

2.  *Factors 2, 3, and 7: Resulting Harm, Severity of the Harm, and Confidentiality*

Factors two, three, and seven weigh against allowing Plaintiffs to proceed anonymously.  Factors two and three focus on the harm that identification would cause Plaintiffs.  The relevant inquiry for these factors is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'"  *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 529 (S.D.N.Y. 2021)).  "[P]laintiff must establish with sufficient specificity the incremental injury that would result from disclosure of her identity."  *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021).  Conclusory statements regarding harm are of "limited utility."  *Rapp v. Fowler*, 537 F. Supp. 3d at 530.

And where a plaintiff claims that disclosure will harm their mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff. *See Doe v. Weinstein*, 484 F. Supp. 3d at 95 ("Without corroboration from medical professionals . . . [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym."); *Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999) (granting anonymity on reconsideration after plaintiff presented "specific evidence [from a medical expert] predicting that revelation of [plaintiff's] identity w[ould] likely cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life"); *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (finding plaintiff failed to demonstrate risk of injury where letter from plaintiff's therapist failed to establish a link between public disclosure of plaintiff's name and psychological risk to plaintiff).

Here, Plaintiffs have not identified any particularized harm that would result from publicly disclosing their identities. Their claims are made generally and without medical corroboration. Plaintiffs make a conclusory assertion that granting this Motion "protects [Plaintiffs] . . . and avoids any sort of retaliation from the third parties (serving Maui Calla Waters', interests) and the defendant(s)." Dkt. No. 6 at p. 11. This assertion is made "without citing any evidence to support that fear of harm from the general public." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 408. And as Plaintiffs readily admit, Defendants

already know their identities, Dkt. No. 6 at p. 11, and so it is unclear how proceeding anonymously would ameliorate the fear of retaliation.

The seventh factor, which "inquires as to the status of a plaintiff's confidentiality thus far in the litigation." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 407. Plaintiffs have sought to protect their anonymity thus far and there is no indication that they have publicly disclosed this lawsuit elsewhere. This factor thus weighs marginally in favor of Plaintiffs.

### 3. *Factor 4: Vulnerability*

The fourth factor requires courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of . . . age." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. Age is a critical factor in making this determination because "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Rapp v. Fowler*, 537 F. Supp. 3d at 530. Consequently, "[i]f a plaintiff is not a child, this factor weighs against a finding for anonymity." *Id.* Because Plaintiffs are adults and "provide[] no evidence that [their] age makes [them] particularly vulnerable to the possible harms of disclosure," the fourth factor weighs against allowing Plaintiffs to proceed anonymously in this matter. *Doe v. Skyline Auto. Inc., 375 F. Supp. 3d at 406.* Nor have Plaintiffs identified any other unique vulnerability warranting the use of a pseudonym.

### 4. Factors 5, 8, and 9: Public Interest

Factors five, eight, and nine all relate to the public's interest in knowing the Plaintiff's identity and all weigh against Plaintiffs proceeding anonymously.

The fifth factor considers "whether the suit . . . challeng[es] the actions of the government or that of private parties." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. Lawsuits against the government "involve no injury to the Government's reputation." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012). On the other hand, suits against private parties "may cause damage to their good names and reputations," among other things. *Id.* Thus, courts are less inclined to allow Plaintiffs to proceed anonymously in actions brought against private parties. *Id.* Here, no public entity is named as a Defendant. All named Defendants are private parties. Given the nature of the allegations set forth throughout the Second Amended Complaint, Defendants have a "substantial interest in maintaining [their] good name and reputation." *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d at 406. Thus, the fifth factor weighs against Plaintiffs remaining anonymous.

As does the eighth factor. "The eighth factor weighs whether the public's interest in the litigation is furthered by revelation of the plaintiff's identity." *Doe v. Leonelli*, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022). There is also a public interest in the accused being able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." *Doe v. Combs*, 2024 WL 863705, at *5 (citing *Doe 1 v. Branca*

*USA, Inc.*, 2022 WL 2713543, at *2).  The public also has a strong interest in knowing

the underlying facts of a litigation, including the identities of litigants.  *See*, *e.g.*, *Doe v.*

*Leonelli*, 2022 WL 2003635, at *4 ("[T]he public has a significant interest in open judicial

proceedings and the public's interest in the litigation is furthered by transparency,

including exposure of the parties' identities.").  Nothing in Plaintiffs' submissions

overcomes these presumptions.

"The ninth factor looks to whether, because of the purely legal nature of the issues

presented, there is an atypically weak public interest in knowing the litigants' identities."

*Rapp v. Fowler*, 537 F. Supp. 3d at 532.  This action does not involve a purely legal issue,

but likely will involve significant factual disputes. The allegations here are factual in

nature, involving "particular actions and incidents."  *Doe v. Weinstein*, 484 F. Supp. 3d

at 98 (internal quotation marks and citation omitted).  Thus, "open proceedings . . . benefit

the public as well as the parties and also serve the judicial interest in accurate fact-finding

and fair adjudication."  *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at

*8.

Therefore, the public interest factors weigh against anonymity in this action.

### 5.  Factor 6: Prejudice to Defendants

Factor six requires the Court to analyze the prejudice Defendants will face if

Plaintiffs were permitted to proceed anonymously.  "Courts will examine the reputational

damage to defendants, difficulties conducting discovery, and fundamental fairness of

proceeding anonymously." *Doe v. Townes*, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020). Courts have identified prejudice against a defendant when a defendant is "required to defend itself publicly before a jury while plaintiff . . . make[s] her accusations from behind a cloak of anonymity." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. at 225. Moreover, where, as here, the allegations are of a highly sensitive and personal nature, the potential for harm flows not only to Plaintiffs but to Defendants as well. *See Anonymous v. Simon*, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.").

### 6. Factor 10: Alternative Mechanisms

Finally, factor ten "examines whether there are other mechanisms, including sealing, redaction of documents, protective orders and confidentiality agreements, that could protect the plaintiff's confidentiality." *Doe v. Combs*, 2024 WL 863705, at *5. Here, should this matter proceed to discovery, the use of confidentiality stipulations and protective orders should amply address the concerns raised by Plaintiffs regarding confidentiality of medical and mental health information. Thus, the tenth factor also weighs against Plaintiffs' anonymity.

Considering the relevant factors in their totality, Plaintiffs have not carried the "high" burden they carry on this Motion to overcome the presumption that they should

be named in the Complaint. *Doe v. Delta Air Lines, Inc.*, 2023 WL 7000939, at \*2. The Motion, therefore, is denied.[1]

      **ACCORDINGLY**, it is hereby

      **ORDERED**, that Plaintiffs' Motions to Proceed in forma pauperis are **DENIED** as moot; and it is further ; and it is further

      **ORDERED**, that Plaintiff Jane Doe's Motion to file electronically is **DENIED**; and it is further

      **ORDERED**, that Plaintiffs' Motion for the issuances of subpoena is **DENIED**; and it is further

      **ORDERED**, that Plaintiffs' Motion to proceed under a pseudonym is **DENIED**; and it is further

      **ORDERED**, Plaintiffs must file an amended complaint within fourteen (14) days from the date of this Order properly identifying themselves, in compliance with FED. R. CIV. P. 10(a), and to remove all references to "Jane and John Doe" throughout the complaint. If Plaintiffs fail to file an amended complaint identifying themselves within 14 days from the date of this Order, or to request an extension of time to do so, their claims will be dismissed, without further order of the Court, for failure to comply with Rule 10(a); and it is further

---

[1] This Motion also seeks "a protective order to safeguard the safety on behalf of the listed [Plaintiffs] in this proceeding." Dkt. No. 6 at p. 20. That request, however, is entirely conclusory and is denied.

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order

upon the parties to this action.

Dated:  March 3, 2025
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

- 13 -